**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 16-21368-CIV-WILLIAMS/SIMONTON**

RON GOINS,

    Plaintiff,

v.

ROYAL CARIBBEAN CRUISES, LTD.,

    Defendant.
_____/

## ORDER FOLLOWING FEBRUARY 15, 2017, DISCOVERY HEARING

This matter was before the Court for a discovery hearing on February 15, 2017, pursuant to the Plaintiff's Third Amended Notice of Hearing, ECF No. [93]. The Honorable Kathleen M. Williams, District Judge, has referred all discovery matters to the undersigned Magistrate Judge, ECF No. [16].

**I.     BACKGROUND**

The Plaintiff filed his Third Amended Complaint on July 12, 2016.  The Third Amended Complaint has a single claim for negligence.  The Plaintiff alleges that on March 25, 2016, while onboard the Defendant's vessel, the *Liberty of the Seas*, he was attending the "Quest Game" in the ship's ice skating arena when he was called down to the stage to participate.  The Plaintiff claims that he was seated in temporary aluminum seating which the ship had installed and the seats were unreasonably close together and the lighting was unreasonably improper.  He further alleges that the ship's crew encouraged the participants to rush dangerously, with the result that the Plaintiff caught his foot on one of the stations as he was attempting to exit his row.  The Plaintiff claims that he fell forward down the stairs and suffered a shoulder injury which required surgery.

The Plaintiff alleges that the Defendant was negligent by failing to eliminate the hazard(s), failing to properly maintain and arrange the seating, failing to inspect the seating, failing to warn the Plaintiff of the hazard(s) and failing to properly train and supervise its crew such that an incident could have been avoided.

The Defendant alleges *inter alia* that the Plaintiff failed to reasonably exercise care and diligence to avoid the incident and failed to avoid loss and minimize damage. The Defendant further alleges that the damages allegedly suffered by the Plaintiff were the result of other trauma suffered by the Plaintiff, the vessel was reasonably safe, and the Defendant did not have prior notice regarding the conditions alleged by the Plaintiff.

The case is set for trial during the two-week calendar beginning May 30, 2017. The extended deadline for completing discovery is March 1, 2017.

II.     DISCOVERY ISSUES

   A.  Date of Deposing Defendant's Expert

In the Third Amended Notice of Hearing, the Plaintiff stated that the date provided by the Defendant for deposing the Defendant's expert, Dr. Fernandez, was 5:00 p.m. on March 1, 2017 (the date of the discovery cut-off). The Plaintiff sought an earlier deposition date.

At the hearing the Plaintiff requested that the deposition take place at any time prior to the evening of the last day of discovery. The Plaintiff asserted that having the deposition on the last day of discovery would make it impossible for the Plaintiff to assess the impact of the deposition or take any further actions related to discovery.

The Defendant asserted that the Plaintiff first requested dates on January 26, 2017, and Dr. Fernandez (a practicing orthopedic surgeon) is only available on March 1, 2017, or other dates that are beyond the discovery deadline. The Defendant further asserted that the Plaintiff has been given a list of all documents upon which Dr.

Fernandez relied, and all the medical records are those that were provided by the Plaintiff.

Because Dr. Fernandez is an expert witness and not a fact witness, there is little to no chance that Dr. Fernandez will provide information at his deposition that the Plaintiff was not previously aware of.  Additionally, even if the deposition was one day or even hours earlier, as suggested by the Plaintiff, there would not be adequate time for the Plaintiff to seek any additional discovery given the discovery deadline.  The Plaintiff has not described what actions the Plaintiff would take that are foreclosed by having the deposition occur on March 1, 2017.  Accordingly, the Plaintiff's request to move Dr. Fernandez's deposition to an earlier date or time is denied.

### B. Interrogatories

In the Amended Notice of Hearing, the Plaintiff asserted that the Defendant's answers to interrogatory numbers 7, 8, and 22 were not full and complete answers.  At the hearing, the parties notified the undersigned that they had resolved the issues surrounding the interrogatory responses

### C. Second Ship Inspection

The Plaintiff sought a second ship inspection of the ship where the alleged incident occurred.  The Plaintiff argued that when the Plaintiff was a participant in the Quest Game, a wooden retractable floor was out over the ice in the ice arena.  The Plaintiff asserted that when the Plaintiff's liability expert examined the ship, the wooden retractable floor was not out, and therefore, the expert was not able to test the surface where the Plaintiff fell.

At the hearing, the Plaintiff argued that because the Defendant has indicated that the Defendant intends to move to strike the Plaintiff's medical expert, the Plaintiff would like to have the liability expert examine the hardness of the hardwood floor where the Plaintiff made impact in order to advance the Plaintiff's theory of causation.   The Plaintiff

also asserted that an additional inspection was needed to review the location of the cameras that were noted in the ice arena during the first inspection in November 2016 in Galveston, Texas.  The Plaintiff also asserts that at the time of the first inspection, the Plaintiff was operating under the presumption that video footage of the incident in question would be produced during discovery despite having already been told by the Defendant that no such video footage exists.   The Plaintiff argued that a second inspection is necessary now that the Defendant has confirmed in formal discovery responses that video footage does not exist, because the Plaintiff is exploring a possible spoliation claim.

      The Defendant asserted that an inspection of the hardwood floor is not relevant as at the time of the first inspection, the Plaintiff sought inspection of the area of the incident as alleged in the Complaint, and the Complaint does not mention the hardwood floor as being involved in the incident.  The Defendant argued that the Plaintiff has never identified the stage floor as the location of the incident and the stage floor is not an issue in the case.  As related to the cameras, the Defendant asserted that the Defendant has provided sworn answers that there were no cameras directed at the incident, and that the Defendant had the opportunity to examine the cameras at the first inspection.

      A second inspection of the ship to examine hardwood floor, that may or may not have any relationship to the alleged injury in this case, would be disproportionate to the needs of the case.  There is no dispute that the flooring was hardwood, and to the extent that an examination would be relevant, testimony regarding the hardness of the floor would be the subject of expert testimony and the date for disclosure of expert testimony has passed.  Moreover, if the Plaintiff believed that the properties of the hardwood floor were relevant to his claims, he should have sought the examination at the time of the first inspection.  The cameras were observed during the first inspection, and the Plaintiff is

not entitled to a second inspection. The Plaintiff's request for second ship inspection is denied.

### D. Leave to Depose Additional Witnesses

The Plaintiff sought leave to depose additional witnesses beyond the ten contemplated by Federal Rule of Civil Procedure 30.[1] The Plaintiff has already deposed the Defendant, the Plaintiff's son and daughter-in law (pursuant to cross notices), and his own two experts (pursuant to cross-notices). He is seeking to depose three of Defendant's experts, three passengers who were involved in allegedly similar incidents, the company that was involved with creating and distributing the video of the cruise events, the Chief Security Director, the Cruise Director, two shipboard doctors, and two shipboard nurses.

At the hearing the Plaintiff asserted that the Plaintiff needed to depose the medical personnel who treated the Plaintiff onboard the ship because if the Defendant succeeds in striking the Plaintiff's medical expert, the Plaintiff will need to rely on the testimony of the medical personnel that treated the Plaintiff on the ship. The Plaintiff also asserted that the Plaintiff needs to depose the Chief Security Officer as he is in charge of the CCTVs, and the Plaintiff wishes to challenge or confirm the Defendant's Corporate Representative testimony regarding whether CCTV footage either exists or has ever existed. The Plaintiff also asserted that the three passengers who were identified by the Defendant as also having fallen in Studio B during the Quest Game may have been involved in incidents substantially similar to the Plaintiff.

The Defendant asserted that the Chief Security Officer does not have relevant information because the CCTVs were not directed to the area of the Plaintiff's incident.

---

[1] Federal Rule of Civil Procedure 30 provides that a party must obtain leave of court to take depositions if the parties have not stipulated to the additional depositions and, the depositions sought would result in more than 10 depositions being taken or the deponent has already been deposed in the case. Fed. R. Civ. P. 30 (a)(2)(A)(i) and (ii).

5

**Additionally, the Defendant explained that the Chief Security Officer is no longer under contract with the Defendant and is currently in Israel.[2] The Defendant also argued that none of the other passengers' incidents involve a passenger tripping on a chair while exiting a row in the manner the Plaintiff alleges, and therefore their testimony is not relevant. The Defendant explained that both shipboard doctors were no longer under contract with the Defendant, were both out of the country, and both were not scheduled to return to duty prior to the expiration of the discovery period.[3]**

**For the purposes of determining the number of depositions scheduled by the Plaintiff, the undersigned has elected to not include the depositions cross-noticed by the Plaintiff. If the number or witnesses did not exceed ten, then all of the witnesses the Plaintiff seeks to depose could be properly deposed. However, the Plaintiff was unable to provide a particularized showing of the necessity of a number of the requested depositions and thus was not entitled to the entirety of the relief requested. *See e.g. Gordilis v. Ocean Drive Limousines, Inc.*, No. 12–CV–24358, 2013 WL 6383973, at \*1 (S.D. Fla. Dec. 5, 2013) ("When depositions in excess of ten are sought, the party seeking the depositions must justify the necessity of each deposition previously taken and must make a particularized showing as to the necessity of the deposition sought") (citing *Mazur v. Lampert*, 04–61159, 2007 WL 676096, \*1 (S.D. Fla. Feb. 28, 2007)).**

**The undersigned has considered each request on a person by person basis and has determined that the Plaintiff shall be allowed to depose the Defendant's three expert witnesses, the three passengers identified by the Defendant as individuals who have fallen in Studio B during a Quest Game (Smith, Sica, and Graeber), the Cruise Director (Southgate), the imaging company involved with the creation and distribution of cruise**

---

[2] **The next contract that the Chief Security Officer has been offered will begin on March 17, 2017, in Galveston, Texas.**

[3] **One will be offered a contract beginning in May, and the other in June.**

videos, and two medical personnel, Nurse Hazel Espinosa and Nurse Johanna Erasmus. If the Plaintiff elects to depose Nurse Espinosa while Nurse Espinosa's ship is docked in Sydney, Australia, the Plaintiff shall arrange for an appropriate location for the deposition to occur. The Defendant shall cooperate in locating suitable arrangements for the deposition and contact the Defendant's information technology department in an effort to obtain information regarding the streaming capabilities onboard the ship.

As to the two shipboard doctors, because neither doctor is located in the United States, and neither is currently under contract with the Defendant, there is insufficient time remaining in the discovery period for the Plaintiff to serve and give proper notice to the witnesses, especially in view of the crowded existing deposition schedule.[4] Additionally, the testimony of the physicians would be somewhat cumulative of the testimony that can be provided by the onboard treating nurses.[5]

With respect to the Chief Security Officer, the ruling with respect to the shipboard doctors applies. Like the physicians, the Chief Security Officer is no longer under contract with the Defendant and is currently located in Israel, making proper notice of his deposition impossible during the discovery period. His identity, as well as the potential need for his testimony, has been known since at least December 2016. His testimony is cumulative to that of the corporate representative, and any other testimony would not be

---

[4] Local Rule 26.1(h) requires at least 14 days written notice to the parties and deponents for out of state depositions. In the case at bar, the witnesses are not only out of state but out of the country. The identities were known to the Plaintiff in ample time to timely notice them and there is no indication that the witnesses would waive service of process or otherwise appear voluntarily for their depositions. As related to the deposition of other passengers who have fallen during a Quest Game who may be located out of state, the Plaintiff was not dilatory in seeking to depose these individuals, instead the Defendant was delayed in providing contact details to the Plaintiff.

[5] If the Plaintiff wants to try and locate the physicians and can set the deposition(s) within the existing discovery period, and does not exceed the ten-deposition limit, the Plaintiff may do so, and then the Court will consider any undue burden argument, as well as why compliance with Local Rule 26.1(h) should not be required. In addition, the Plaintiff may substitute the physicians for the nurses, provided that the number of shipboard medical personnel deposed does not exceed two.

7

relevant to the issues of the case, but rather to the Plaintiff's attempt to establish a spoliation claim for which the Plaintiff has not provided a basis. Based on these circumstances, the Court will not grant leave to exceed the ten-deposition limit for the purposes of deposing the Chief Security Officer.

### E. Sanctions

The Plaintiff sought sanctions for the Defendant's delay in producing contact information regarding prior incidents of the passengers falling during the Quest Game. The Plaintiff asserted that initially the Defendant claimed that there were no prior incidents that were substantially similar. Later, the Plaintiff argues, the Defendant produced information regarding prior incidents but did not produce addresses for the passengers, preventing the Plaintiff from being able to subpoena the passengers. The Plaintiff stated that the Defendant later produced addresses, but no phone numbers. The Plaintiff stated that on February 10, 2017, phone numbers were produced.

At the hearing, the Plaintiff asserted that he spent between one and two hours seeking the contact information of the passengers. He included in his calculation the time spent drafting a notice of hearing regarding the request. Counsel for the Plaintiff submitted that a rate of $150 per hour was a reasonable rate for the calculation of attorney's fees.

Counsel for the Defendant asserted that she thought she had been in compliance with the Court's Order, and when the phone numbers were requested by the Plaintiff, she provided them. Defendant's counsel also noted that the Plaintiff has not yet paid for fees and costs that had been awarded to the Defendant at prior hearings.

Because the Plaintiff had to spend additional time in seeking information that was previously ordered by this Court, pursuant to Federal Rule of Civil Procedure 37, the Plaintiff shall be awarded fees associated with drafting a notice of hearing and calling Defense counsel. These tasks could be accomplished in fifteen minutes; therefore, the

8

Plaintiff is awarded $37.50 based upon an hourly rate of $150. The $37.50 may be offset from any prior award made in favor of the Defendants.

### III. CONCLUSION

Accordingly, it is hereby

ORDERED that the Plaintiff's request for second shipboard inspection is DENIED. It is further

ORDERED that the Plaintiff shall be allowed to proceed with depositions in the manner described above. It is further

ORDERED that the Plaintiff is awarded attorney's fees in the amount of $37.50, and such award shall be applied as an offset to those fees and costs previously awarded to the Defendant.

DONE AND ORDERED in Miami, Florida, in chambers, on February 21, 2017.

*Andrea M. Simonton*
ANDREA M. SIMONTON
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Honorable Kathleen M. Williams
All counsel of record via CM/ECF